

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| TY'SHUN MARIO KAL'LIEM BESSELLIEU, §<br>Plaintiff,  §<br> §<br>vs.  §<br> §  Civil Action No. 8:20-03130-MGL<br>SOUTH CAROLINA DEPARTMENT OF §<br>CORRECTIONS, BRYAN P. STIRLING, §<br>and OSCAR LEVELS, JR.,  §<br>Defendants.  § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND
SERVICE OF PROCESS THE COMPLAINT AS TO DEFENDANTS
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS AND BRYAN P. STIRLING**

Plaintiff Ty'Shun Mario Kal'Liem Bessellieu (Bessellieu), proceeding pro se, filed this civil action against the South Carolina Department of Corrections (SCDC), Bryan P. Stirling (Stirling), and Oscar Levels, Jr. (Levels), alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Bessellieu's complaint be dismissed without prejudice and without issuance and service of process as to SCDC and Stirling. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on September 4, 2020, and the Clerk of Court docketed Bessellieu's objection on September 16, 2020. The Clerk of Court, on the same day she docketed Bessellieu's objection, docketed a filing titled "Plaintiff[']s Supplemental/Amended Complaint" intended to "serve as an addition to [the] complaint." Suppl. at 1. The Court will construe this document as Bessellieu's supplemental objection. The Court has reviewed the objection and the supplement, but holds them to be without merit. It will therefore enter judgment accordingly.

Bessellieu, in his complaint, asserted various constitutional claims arising from an alleged incident of excessive force through the use of chemical munitions that occurred while he was incarcerated at Lee Correctional Institution (Lee). Lee is part of the SCDC.

Bessellieu is suing the SCDC, the director of the SCDC, Stirling, and the officer that allegedly administered chemical munitions against him, Levels. He seeks money damages and injunctive relief, as well as his release from incarceration.

The Court, liberally construing Bessellieu's objection and supplemental objection, identifies a single objection. He objects to Stirling "being granted summary dismissal by this Court with regards to this action." Objection at 4. And, Bessellieu asks the Court, in the event it dismisses the complaint against Stirling, to do so without prejudice. *Id.* Also, Bessellieu fails to object to the Magistrate Judge's recommendation as to the SCDC.

The doctrine of respondeat superior is inapplicable in § 1983 actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, . . . a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). But, although the doctrine of respondeat superior is inapplicable in § 1983 actions, *see id.*, "supervisory officials may be held liable in certain circumstances for Constitutional injuries inflicted by their subordinates[,]" *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). To establish supervisory liability under § 1983, a plaintiff must show: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of [C]onstitutional injury to citizens like the plaintiff"; "(2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and "(3) that there was an affirmative causal link between the supervisor's inaction and the particular [C]onstitutional injury suffered by the plaintiff." *Id.* at 799 (internal citations omitted).

"To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Id.* "Establishing a pervasive and unreasonable risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the

subordinate poses an unreasonable risk of harm of [C]onstitutional injury." *Id.* (internal citation omitted) (footnote omitted).

As to the second element, "[a] plaintiff may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." *Id.* (internal citation omitted). Lastly, regarding the third element, "[c]ausation is established when the plaintiff demonstrates an affirmative causal link between the supervisor's inaction and the harm suffered by the plaintiff." *Id.* (internal citation omitted). This causation "concept encompasses cause in fact and proximate cause." *Id.*

In Besselieu's complaint, he "makes no allegations [about Stirling's] direct involvement in the alleged unconstitutional conduct" and instead "makes only general, vague allegations about [Stirling's] obligations over the prison." Report at 6. In his objection and supplemental objection, however, he makes additional allegations attempting to satisfy the three *Shaw* elements as discussed above. For example, Bessellieu alleges: Stirling "permits security personnel to carry canisters of chemical munition on their persons[] during the normal course of business" and "is actually or at least constructively aware of any risks that may be associated with such provisions[,]" Suppl. at 1–2; "Due to the [chemical munitions'] design to inflict pain and/or death, combined with the desensitized casual possession of such instrument by subordinates, [Stirling] acted with deliberate indifference to such risks presented[,]" *id.* at 2; and, prior similar claims made by other prisoners against SCDC and Stirling "gave notice to [SCDC and Stirling] of the tendency of such risks . . . and establishes an affirmative connection between the supervisory official[']s inaction to remedy the standard mode of operation, and the [C]onstitutional injury suffered by [Bessellieu,]" i*d.*

4

Bessellieu, in his objection and supplemental objection, avers he meets the three *Shaw* elements and demonstrates Stirling may be held liable in a supervisory capacity as to his constitutional claims made pursuant to Section 1983. But, Bessellieu's additional allegations against Stirling fail to meet the three elements of *Shaw*. All of Bessellieu's allegations against Stirling are entirely conclusory and constitute, in part, recitals of the legal prongs of the *Shaw* elements. These elemental conclusory allegations, however, are insufficient to state a claim for supervisory liability against Stirling. *See Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). Consequently, the Court concludes Bessellieu fails to state a claim upon which relief may be granted against Stirling, and his objection will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Bessellieu's complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process as to the SCDC and Stirling.

**IT IS SO ORDERED**.

Signed this 30th day of July 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.