

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| TY'SHUN MARIO KAL'LIEM BESSELLIEU, §<br>　　　　Plaintiff,　　　　§<br>　　　　　　　　　　　　　　　§<br>vs.　　　　　　　　　　　　　§<br>　　　　　　　　　　　　　　　§<br>OSCAR LEVELS, JR.,　　　　　§<br>　　　　Defendant.　　　　§ | Civil Action No. 8:20-03130-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS ALL CLAIMS BASED ON
VIOLATIONS OF THE SOUTH CAROLINA CONSTITUTION, DISMISSING THE
REMAINDER OF PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE, AND
DEEMING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Ty'Shun Mario Kal'Liem Bessellieu (Bessellieu), proceeding pro se, filed this civil action against the South Carolina Department of Corrections (SCDC), Bryan P. Stirling (Stirling), and Oscar Levels, Jr. (Levels), alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court previously dismissed SCDC and Stirling from the lawsuit. Accordingly, only Levels remains.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Levels's motion to dismiss all claims based on violations of the South Carolina constitution [ECF 28] be granted; that the remainder of Bessellieu's case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b); and, Levels's motion for summary judgment [ECF 88] be deemed as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on July 6, 2021.  To date, Bessellieu has failed to file any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Levels's motion to dismiss all claims based on violations of the South Carolina Constitution [ECF 28] is **GRANTED**; the remainder of Bessellieu's complaint is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b); and, Levels's motion for summary judgment [ECF 88] is **DEEMED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 30th day of July 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.